**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBIN M. LEE,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>STEVEN A. WYNN, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:13-cv-01776-JCM-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(IFP App - Dkt. #1) |

Plaintiff Robin M. Lee is a detainee in the Clark County Detention Center proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on September 26, 2013. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9.

Plaintiff filed the instant action against Steven Wynn, Elaine Wynn, Wynn Hotel & Casino, and unnamed security guards. Docket No. 1-1.[1] Plaintiff alleges that security guards at the Wynn Hotel confiscated Plaintiff's briefcase containing various default judgments for more than $10 billion, and refused to return it. *Id.* at 1-2. Plaintiff seeks $1 million in damages, "an automatic $10 million default/loan corporate line of credit," and indicates that "he actually wants damages sought v. the counterclaimant of $2.5 billion per discussion." *Id.* at 2-3. Lastly, Plaintiff "apologizes for being a nuisance to Wynn since 1996 due to being brainwashed." *Id.* at 3.

---

[1] This case is one of several brought by Plaintiff on the same day. *See, e.g.*, *Robin M. Lee v. Alicia's Motel*, 13-cv-1777-JAD-NJK; *Robin M. Lee v. The Hawaii Bar Assoc., et al.*, 13-cv-1781-GMN-NJK.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them, as well as a certified copy of the trust fund account statement as required by § 1915(a)(2). Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which

provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's Complaint has not identified any federal law under which he seeks to proceed.[2] Accordingly, federal question jurisdiction does not exist.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff seeks damages in excess of $75,000. However, Plaintiff does not state the citizenship of the defendants he seeks to sue.

Accordingly, the Court finds that Plaintiff has not established diversity jurisdiction.

### C. Frivolous Complaint

In addition to being unable to satisfy threshold jurisdictional requirements, Plaintiff's Complaint is clearly premised on a delusional factual scenario. *Neitzke*, 490 U.S. at 327–28 (1989). Plaintiff seeks at least $11 million in damages based on security guards allegedly taking his briefcase containing copies of default judgments.[3] He provides no factual details surrounding the claim, and fails to identify any law or legal theory under which he seeks recovery. The alleged facts are irrational and wholly incredible, making a finding of frivolousness appropriate. It is clear that the deficiencies in the complaint cannot be cured by amendment.

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* be **GRANTED** and his Complaint dismissed **WITH PREJUDICE**.

---

[2] Plaintiff's application to proceed *in forma pauperis* appears to indicate that his claims are brought pursuant to 42 U.S.C. § 1983. *See* Docket No.1 at 1. However, § 1983 applies to claims against state actors acting under color of law, *see, e.g.*, *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), and Plaintiff has made no allegations that Defendants here meet that criteria.

[3] Although unclear, it appears that Plaintiff may actually seek "$2.5 billion." *See* Docket No. 1-1 at 3.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: October 1, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE